UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | |
| v. ) | CR424-024 |
| ) | |
| JACOREY RIVERS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), (doc. no. 38), to which objections have been filed, (doc. no. 43). For the following reasons, Defendant's objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. Defendant's Motion to Sever and Motions to Suppress are **DENIED**. (Docs. nos. 23, 24, & 25).

The Magistrate Judge first addressed Defendant's Motion to Sever, in which he requests that his Possession of Fentanyl with Intent to Distribute charge be severed from his Possession of a Firearm by a Prohibited Person and Possession of a Machinegun charges. (Doc. no. 38 at 2-9.) After explaining the two-step analysis for determining whether separate charges are appropriately tried together, (id. at 2-3), the Magistrate Judge found that the Government had met its burden under Rule 8(a) of demonstrating that the three charges are of a similar character such that joinder is appropriate, (id. at 7-8). In making his recommendation, the Magistrate Judge referenced the "broad

construction of Rule 8(a) mandated by the Eleventh Circuit," and cited to United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002). (Doc. no. 38 at 7.)

In his objection, Defendant attempts to distinguish *Hersh* and argues that "in all of the cases in which joinder based on similarity have been held to be proper, the charges have an organic and direct connection by category of crime and have a direct subject matter relationship." (Doc. no. 43 at 2). He contends that the Government has not sufficiently shown that the charges in this case have any conceptual similarity. (Id.) However, the Magistrate Judge, relying on the definition of "similar" provided by the Eleventh Circuit, found that "[t]he incidents described by the Government are, at bottom, 'somewhat alike,' and share 'a general likeness.'" (Doc. no. 38 at 7-8 (quoting Hersh, 297 F.3d at 1241).) The Court agrees. Because the Government has borne its burden of demonstrating sufficient similarity among the charges, Defendant's Motion to Sever is **DENIED**. (Doc. no. 23.)

Next, the Magistrate Judge addressed Defendant's Motion to Suppress his communications from the Chatham County Detention Center (CCDC). (Doc. no. 9-14.) He determined that the Defendant "cannot claim an objectively reasonable expectation of privacy in calls where he is explicitly warned that the calls are recorded and subject to monitoring," and "can claim no objectively reasonable expectation of privacy in electronic communications that he was expressly warned are 'NOT PRIVATE.'" (Doc. no. 38 at 14.) Therefore, he recommends that the Motion to Suppress be denied. (Id.)

Defendant objects, arguing that as a pretrial detainee he never provided "knowing and voluntary consent to the transmission of [his] communications to third parties nor voluntary choice in choosing these means of communication." (Doc. no. 43 at 4.) That is not, however, the inquiry for purposes of Defendant's Motion to Suppress. Instead, as

2

pointed out by the Magistrate Judge, the question is whether Defendant had a "constitutionally protected reasonable expectation of privacy" in the communications. (Doc. no. 38 at 10 (quoting California v. Ciraolo, 476 U.S. 207, 211 (1986) (internal punctuation omitted)).) For the reasons articulated by the Magistrate Judge, the answer to that question is no. (Id. at 12-14.) Because Defendant can demonstrate no objectively reasonable expectation of privacy in his jail communications, they are not subject to the protections of the Fourth Amendment, and his Motion to Suppress them is **DENIED**. (Doc. no. 24.)

Finally, the Magistrate Judge considered Defendant's Motion to Suppress evidence from a vehicle search. (Doc. no. 38 at 14-18.) The search was conducted pursuant to a warrant, but the Defendant argued the warrant was improperly executed under Georgia law. (Id. at 16.) As the Magistrate Judge pointed out, "the exclusionary rule applies only if 'the police exhibit deliberate, reckless, or grossly negligent disregard for Fourth Amendment rights," (id. at 17 (quoting United States v. McCall, 84 F.4th 1317, 1323 (11th Cir. 2023)), and there is nothing in the record of this case to indicate any deliberate, reckless, or grossly negligent conduct on the part of the officers who obtained, executed, and returned the warrant, (id. at 18). Defendant's objection argues that, "[u]nder the totality of the circumstances in the instant case, the officer has evinced a casual attitude about following the law," and demonstrated a "lack of diligence" that "created confusion in the case." (Doc. no. 43 at 6.) The Court agrees with the Magistrate Judge that the

3

officer's actions do not rise to the level of conduct required to justify application of the exclusionary rule. The Motion to Suppress is **DENIED**. (Doc. no. 25.)

**ORDER ENTERED** at Augusta, Georgia, this 5th day of September, 2024.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA